Noonan vs. The State.

*April 14 — May 10, 1882.*

CRIMINAL LAW AND PRACTICE. *(1) Change of venue. Power of circuit court to order further return from municipal court of another county. (2) Form of return from municipal court. (3) Expert testimony.*

1. After information for rape filed in the municipal court of Dane county, the accused demanded a trial in the circuit court for that county, pursuant to the statute (R. S., sec. 2516); and after the cause was transmitted to that court, he obtained a change of the place of trial to the circuit court for Rock county. *Held*, that the latter court had thereafter power to order a further return to be made to it by said municipal court.

2. A return made by the *clerk* of the municipal court, under the seal of the court, is correct in form, and must be presumed to have been made by direction of the judge of said court. R. S., secs. 2516, 2519.

3. An expert witness for the prosecution, having testified, that, on examining the prosecutrix several days after the rape was alleged to have been committed, he found her sexual organs inflamed, further stated, against objection, that in his opinion such inflammation "was produced by her having a violent connection." *Held*, that, though the witness might properly have stated what effects *might* result from a rape, the testimony as admitted usurped the province of the jury.

ERROR to the Circuit Court for *Rock* County.

An information was filed in the municipal court of Dane county, charging the plaintiff in error with the crime of rape upon the person of one Minnie Vietense, alleged to have been committed on the 18th of September, 1880. The plaintiff in error demanded a trial in the circuit court for Dane county, pursuant to the statute (R. S., sec. 2516), and the cause was thereupon transmitted to that court for trial. He then obtained a change of the place of trial to the circuit court for Rock county. The return of the municipal court being defective, the circuit court for Rock county made an order upon that court for a further return, which was accordingly made. A motion was thereupon made by the plaintiff in error to dismiss the cause, "on the ground that said court had no jurisdiction to try the said action, for the reason that the papers and records were not properly authenticated by the clerk of the municipal court of Dane county." The motion was denied. The accused, having been tried upon the information, convicted of the charge therein contained, and sentenced to imprisonment in the state prison for a term of years, sued out a writ of error to review the judgment.

For the plaintiff in error there was a brief by *Lamb & Jones*, and oral argument by *Mr. Jones*.

For the defendant in error there was a brief signed by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General.

LYON, J. 1. We are of the opinion that it was competent for the circuit court of Rock county to make the order for a further return on the municipal court of Dane county. Certainly the circuit court of Dane county had the power to require a further return while the case remained in it; and by obtaining a change of the place of trial the plaintiff in error placed the circuit court of Rock county in the place of the Dane county circuit court. We think the Rock county cir-

cuit court became possessed of the cause for all purposes as completely and effectually as the court from which it was removed, and was as competent as the latter court to cause the return to be perfected.

The last return of the municipal court was made by the clerk under the seal of the court, and in form complies with the provisions of the statute in that behalf. Section 2516 provides that "the judge, under the seal of the court, shall transmit all the papers and a copy of the record of the proceedings in such cause, properly certified to be such, to the circuit court." Section 2519 provides that the clerk of the municipal court "shall make and keep the records of said court, and perform all ministerial acts required of him, by and under the direction of the judge." Under the last provision the clerk is the proper officer to certify a record, for that is a ministerial act; and presumably the record in this case was certified by him by direction of the judge, and was transmitted by the latter to the circuit court. In the practice here adopted we find no error.

2. Only one other alleged error will be considered, and that very briefly. A medical witness, called on behalf of the state, who made an examination of the prosecutrix several days after the rape is alleged to have been committed, testified that on such examination he found an aggravated inflammation of the *uterus*, *vagina*, and other sexual organs of the prosecutrix. He was then allowed, under objection by the plaintiff in error, to testify that in his opinion such inflammation " was produced by her having connection,— a violent, not a free connection;" that is, in substance and effect, that the inflammation was the result of a rape which had been committed upon her. The testimony here quoted was given in answer to the question put by the judge: " To what do you attribute the inflamed condition that you say you found?" and the question was duly objected to, and exception thereto taken. The question and the answer which

it elicited were clearly incompetent.   The witness was competent to state what effects might result from a rape, but it was going far beyond the range of authorized expert testimony to allow him to give an opinion that the inflammation he discovered was produced by rape.   On his cross examination this witness was constrained to admit, what any person of ordinary intelligence knows without the aid of expert testimony, that there are other adequate causes which might have produced such inflammation.   It was for the jury to determine whether the inflammation which the witness testified to was the result of a rape, or of some other cause; and the extent to which expert testimony affecting that question could properly be resorted to, would be to show what effects upon the sexual organs of the female might result had she been ravished.   But the testimony admitted was a usurpation of the province of the jury, and beyond all question its admission was error.   *Luning v. State*, 2 Pin., 215; *Knoll v State*, *ante*, p. 249.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.   The warden of the state prison will surrender the plaintiff in error to the sheriff of Rock county, who will hold him in custody until he shall be discharged or his custody changed by due course of law.