[Crim. No. 1186.　Department Two.—January 30, 1905.]

## THE PEOPLE, Respondent, *v.* WILLIAM KELLY, Appellant.

146　119
147　553

CRIMINAL LAW—ROBBERY—SUPPORT OF VERDICT.—Upon the trial of a defendant charged with robbery, where the prosecuting witness, who was robbed, testified explicitly to all the circumstances of the crime, and clearly identified the defendant as one of its perpetrators, the credibility of his testimony was matter for the jury, and the evidence is sufficient to support their verdict of guilty.

ID.—IMMATERIAL TESTIMONY—HARMLESS RULING.—Where the testimony of a witness for the prosecution was immaterial, the refusal of the court to strike it out could not have injured the defendant.

ID.—CONDITION OF STREET LIGHTS.—It was competent for the prosecution to show the ordinary course of business of the city with regard to its electric lights and their general or usual condition at the place of the robbery. Testimony as to the condition of the lights at a place not shown by the evidence to be the place of the robbery was improperly admitted, but was harmless, where it could not have injured the defendant, under the circumstances in proof.

ID.—MEASUREMENTS BY WITNESS.—Where the prosecuting witness testified that he pointed out to another witness the place of the crime, such other witness may testify to measurements made by him from that place.

ID.—IMPEACHMENT OF WITNESS—CONVICTION OF SEVERAL FELONIES.— A witness for the defendant may be asked as to several different felonies of which he has been convicted, and which he admitted.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—PRIOR CONVICTIONS—CREDIBILITY OF WITNESSES.—It was not misconduct for the district attorney to allude in his argument to prior convictions of felony which were admitted by witnesses on the part of the defendant, including the defendant, as affecting their credibility.

ID.—OBJECTION TO QUESTION—HARMLESS ANSWER.—Where a harmless answer was given to a question objected to by the defendant, he was not prejudiced by the ruling upon the question.

ID.—REGISTRATION UNDER FALSE NAMES.—Evidence was admissible for the prosecution to show that prior to the commission of the robbery the defendant and one of his confederates registered at a boarding-house under false names; but evidence was not admissible for the defendant to show that after his arrest he was booked at the police station under a false name.

ID.—ADMISSION OF DEFENDANT—PRELIMINARY PROOF NOT REQUIRED.—Evidence of an admission of the defendant in a conversation that on the night of the robbery he slept in a box-car was material and admissible, without preliminary proof that it was voluntary, it not being a confession of guilt.

ID.—INSTRUCTION AS TO DISTRUST OF FALSE WITNESS—CREDIBILITY LEFT TO JURY.—An instruction as to the distrust of a witness whose testimony in one respect is willfully false, the effect of which is that the jury must reject his testimony, unless they shall be convinced of its truth in other respects, leaves the credibility of the witness to the jury.

ID.—HYPOTHETICAL INSTRUCTION—OWNERSHIP OF PROPERTY OMITTED—UNDISPUTED FACT.—An instruction to find the defendant guilty if they should believe certain facts hypothetically stated, which included all the facts constituting the crime of robbery except that what was taken from the person robbed was his property, was not misleading, where there was no dispute as to his ownership, and it was distinctly proved without conflict.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion.

C. L. Shinn, and F. H. Thompson, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

SMITH, C.—The defendant was convicted in the lower court of the crime of robbery, committed by him and two others on one Powers in the city of Los Angeles—the precise place of the crime being on the west side of Olive Street between Ninth and Tenth streets. He appeals from the judgment and from an order denying his motion for a new trial. Numerous points are urged by his counsel as grounds for reversal; and these will be considered in the order in which they occur in the brief. It will be understood that the several

rulings complained of were made over the objections and exceptions of the defendant.

1. The point is made and argued at length in appellant's opening brief that the court erred in refusing to set aside the information, but in the reply brief this point is abandoned.

2. It is claimed that the evidence was insufficient to justify the verdict. But Powers, the man who was robbed, testifies explicitly to all the circumstances of the crime, and clearly identifies the defendant as one of its perpetrators. The argument of the counsel goes only to the credibility of his testimony; which was a matter for the jury to consider.

3. It is objected that the court erred in refusing to strike out the testimony of the witness Smith as to the whereabouts of one Ah Hing. Doubtless this testimony was immaterial, but it could not have injured the defendant in any way.

4. The witness Manihon had testified, without objection, that he was the city electrician, and that he knew of the electric lights at the intersection of Ninth and Tenth streets and Olive; and that no report came in from there on the 14th of January, 1902. He then testified that reports were not made unless a light went out. But it was competent, we think, for the prosecution to show the ordinary course of business of the city with regard to its lights and their general or usual condition. (Code Civ. Proc., secs. 1832, 1963, subds. 20, 28, 32.) As to the effect of the evidence, that was for the jury to determine.

The same witness testified that he had made a visit to the place of the crime the night before with Detective Steele; who "located the place where he understood the hold-up occurred"; and he then testified as to the condition of the light at that point. We have been unable to find in the record any evidence tending to show that the place referred to was the true place of the crime; and in the absence of such evidence we think the testimony was improperly admitted. But it appears from the testimony of the witness that the place showed him by Steele was about midway between the two lights; from which it may be inferred that it was the darkest point between them (except under the trees), and consequently for the defendant the spot most favorable for observation. For it appears from the testimony of Powers that the place of the crime was in the open space towards the

middle of the block between the trees to the north and to the south; and if the place of the crime was elsewhere than at the middle of the block the light would have been better. Under these circumstances the evidence could not have injured the defendant.

5. The same objection was made to the testimony of the witness Noble, who, in company with Steele, Powers, and others, went to the place of the crime and made certain measurements from the point shown by Powers as the place of the crime. But here Powers himself had testified that he had pointed out to Noble, in company with other persons named, the place of the crime, and the evidence was therefore unobjectionable.

6. The witness Myrtle, with defendant and Case, were originally parties to the information in this case, but as to Myrtle and Case, upon their pleading guilty to a charge of robbery in the case referred to as the Klokke case, the information was dismissed. Both were called as witnesses for the defendant, and Myrtle was asked as to five different felonies prior to the Klokke case of which he has been convicted, and which he admitted. This testimony we think was admissible. By section 2051 of the Code of Civil Procedure it is expressly provided, that "it may be shown by the examination of the witness, or the record of the judgment, that he has been convicted of a felony"; which means that as many felonies as he has been convicted of may thus be shown. (Code Civ. Proc., sec. 17.)

7. Similar questions were asked of the defendant Kelly; and the same observations will apply as to the case of Myrtle.

8. Another objection urged is, that the district attorney in his argument to the jury dwelt with much emphasis upon previous convictions of the witnesses. Myrtle and Case and of the defendant. This was objected to by defendant's counsel, but we see nothing reprehensible in what was said. Nor indeed do we find any ruling by the court, except in the observation that the former convictions were admissible only in attacking the credibility of the witness; which seems to have been all that the defendant could reasonably have asked for, and to which, at least, he took no exception.

9. The witness Case was asked whether he did not tell Officer Kelly or some one in his presence that he and Kelly,

the defendant, came down to Los Angeles together from Alameda County. And it is claimed that the question should not have been allowed. But as the question was answered in the negative, the defendant was in no way prejudiced.

10. Defendant also claims that the court erred in refusing to permit him to prove that he, the defendant, was booked at the police station by the name of Badger, but this evidence was clearly inadmissible.

11. Another objection is to the testimony of Mrs. Lightfoot, keeper of the boarding-house at which Myrtle, Case, and Kelly put up prior to the commission of the crime; who testified that Case and the defendant registered under the names of Russel and Truan. This evidence, we think, was clearly admissible.

12. The witness Steele testified to a conversation with the defendant in which, among other things, the latter said that on the night of the 14th he slept in a box-car down by the bridge; and it is objected that the evidence should not have been admitted, both because it was immaterial and because it was not shown to have been made without inducement of hope or fear from the witness. But the evidence we think was material, and the statement of the defendant was not a confession of guilt, and therefore did not require proof that it was voluntary. (*People* v. *Hickman,* 113 Cal. 86.)

13. One of the instructions of the court objected to is the following: "The jury being convinced that the witness has stated what is untrue, not as the result of a mistake or inadvertence, but willfully and with the design to deceive, must treat all of his testimony with distrust and suspicion, and reject all unless they shall be convinced, notwithstanding the base character of the witness, that he had in other particulars sworn to the truth." But the effect of his instruction is simply that the jury must reject the testimony of the witness referred to unless they shall be convinced of its truth; which is to leave the credibility of the witness to the jury.

14. Other instructions are objected to as "giving undue prominence by repetition to the impeaching instructions" found in the record, but we think the instructions are unobjectionable in this or any other particular.

15. In another part of the charge the jury is instructed to find the defendant guilty if they should believe from the evi-

dence certain facts hypothetically stated; which included all the facts constituting the crime of robbery except that the property taken from the party robbed was his property. But there was no dispute as to the ownership of property, which was proved to be that of Powers, the party robbed, and hence the jury could not have been misled by the instructions.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.