## J. E. SIMMONS v. STATE.

[61 South. 827.]

1. CRIMINAL LAW. *Rape. Complaint. Res gestae. Instructions. Expert testimony. Condition of female.*

In a prosecution for rape upon a child less than twelve years of age, statements made by the child to physicians five and seven days after the occurrence that she had been raped are inadmissible as being hearsay and not a part of the *res gestae.*

2. CRIMINAL LAW. *Instructions.*

An instruction for the state in a prosecution for rape that if the jury believe from the evidence and circumstances in evidence that the defendant feloniously had intercourse with his daughter, a female under the age of twelve years, then he is guilty, is erroneous.

3. SAME.

An instruction for the state in a prosecution for rape, that the crime of rape may be proven by circumstances, and it is not necessary to have an eyewitness to the deed, if the circumstances in evidence are sufficient to create in the minds of the jury a belief that the accused party is guilty beyond a reasonable doubt, is erroneous.

4. SAME.

> An instruction for the state in a prosecution for rape, that a female child less than twelve years of age cannot consent to sexual intercourse, and if a man has intercourse with such child, voluntarily, so far as he is concerned, then he would be guilty of rape, regardless of whether the female consented or not, is erroneous.

5. CRIMINAL LAW. *Expert testimony. Condition of female.*

> In a prosecution for rape a physician may testify as to the penetration and as to his opinion upon the possibility of the injury being caused by barbed wire fence. He may describe the physical condition of the girl and may testify how sexual intercourse would affect the organs of a child; but he may not testify as to whether or not, in his opinion, the injury was caused by sexual intercourse.

APPEAL from the circuit court of Lincoln county.

D. M. MILLER, Judge.

J. E. Simmons was convicted of rape and appeals.

Appellant was convicted of rape, and appeals. Among other errors assigned is the granting of the following instructions at the request of the state:

"1. The court instructs the jury, for the state, that if you believe from the evidence, and circumstances in evidence, that the defendant feloniously had intercourse with his daughter, a female under the age of twelve years, then he is guilty, and you should so find.

"2. The court further instructs the jury that the crime of rape may be proven by circumstances, and it is not necessary to have an eyewitness to the deed, if the circumstances in evidence are sufficient to create in the minds of the jury a belief that the accused party is guilty beyond a reasonable doubt.

"3. The court further instructs the jury that a female child less than twelve years of age cannot consent to sexual intercourse, and if a man has intercourse with such child, voluntarily, so far as he is concerned, then he would be guilty of rape, regardless of whether the female consented or not."

*R. W. Cutrer,* for appellant.

Strip this cause of the incompetent and irrelevant testimony introduced by the state and there is absolutely nothing upon which to warrant the conviction of appellant under the rules established by this court in *Munroe* v. *State,* 71 Miss. 196.

*Baker* v. *State,* 82 Miss. 84. Under the facts in this case this judgment ought to be reversed and will be reversed if the court adheres to its former holdings upon the question of facts.

There is absolutely no evidence here that appellant had sexual intercourse with Miss Retta Simmons. She denies it, as can be seen from her evidence taken on the plea in abatement and the state relies for a conviction in this case solely upon the circumstances of the flimsiest kind. There is no doubt but that the incompetent testimony of Drs. Brumfield, Crawford and Smith is responsible for the verdict of the jury in this case. Dr. Brumfield was permitted over appellant's objection to state the cause, in his opinion, of Miss Simmon's condition, and he was permitted to give as evidence that it was his opinion she had been raped. We say this testimony is not admissible, and has been so held by the following well considered cases: *State* v. *Hull,* 45 W. Va. 767, 32 S. E. 240; *Noonan* v. *State,* 55 Wis. 258; 12 N. W. 379; *State* v. *Heux,* 109 Mo. 654; *Pearson v. State,* 97 Miss. 841; 10 Encyclopedia of Evidence, 593, 594.

The court then permitted this witness to testify for the state over appellant's objection, that Miss Simmons told him she had been raped. This testimony is not admissible. At the best it is hearsay. If Miss Simmons had been introduced as a witness and had testified to the outrage, then, perhaps, this testimony would have been admissible, but where she is not introduced as a witness for the state, and does not testify to an outrage, we submit this testimony is not admissible and the defendant's objection to same should have been sustained. 23 Am.

and Eng. Ency. of Law, 2nd Ed. (4) p. 877, and cases there cited:

The doctor's opinion that Miss Simmons could not have received the injuries as testified to by him from falling on a barbed wire fence falls within the same condemnation. The testimony of Drs. Crawford and Smith being the same as that of Dr. Brumfield we will not discuss it separately, but make the same objection to the admissibility of their testimony as we make to Dr. Brumfield's.

After the state had introduced all of its evidence and rested its case the appellant moved the court to exclude all of the evidence and direct a verdict for the defendant. This motion the court overruled. We think this case should have ended then, because we say there is no evidence to support a verdict of guilty.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

In a prosecution for rape, the state may show that complaints were made, but not the particulars as declared by the prosecutrix or person raped. This rule is perfectly competent to show as making out a case for the state. The declarations of the girl that she was raped, in connection with the physical injuries, and not allowing her statements as to details to be offered in evidence, see *Ashford* v. *State,* 81 Miss. 414, 33 So. 174; *Anderson* v. *State,* 82 Miss. 784, 35 So. 202; *Dickey* v. *State,* 86 Miss. 525, 38 So. 776.

In proof of an assault with intent to rape, it was held by the Oregon court that the mother of the prosecutrix may testify as to the manner of the girl and appearance and condition of her person shortly after the alleged assault, and also to the fact that she made a disclosure, although the prosecutrix is a child of tender years. *State* v. *Sargent,* 32 Ore. 110, 49 Pac. 889.

Where a defendant introduces details of a rape, or introduces evidence to contradict the state's witnesses, evi-

dence may be introduced as to who the prosecutrix said it was that ravished her, in her statements. *Bray* v. *State,* (Ala.) 31 So. 107.

On this authority, I think the court erred in declining to admit the statements of the girl made to the doctor that her father was the author of her ruin or condition, after the boys, as witnesses for their father, had testified as to how the injuries came about. As to the time that the declarations may be made, the circumstances should be considered.

The New York court held that in a prosecution for rape, committed by a father on his daughter, evidence sometime after the crime was permitted. The daughter disclosed it to others, and complaints therefore were properly received. *People* v. *Garner,* 169 N. Y. 585, 62 N. E. 1099.

Lapse of time between the commission of a crime for rape and complaint made by the prosecutrix does not affect the admissibility, but affects only the weight of the evidence, and the evidence of the delay in the complaint may be considered in the light of surrounding circumstances. *Trimble* v. *Territory,* 8 Ariz. 273; 71 Pac. 932. In the case of *Beenett* v. *State,* 102 Ga. 656, 29 S. E. 918, the court held that delay in making the complaint or statement of alleged assault with intent to rape may be satisfactorily explained.

In *People* v. *Marrs,* 125 Mich. 376, 84 N. W. 284, the court held that the prosecution may show when and to whom the prosecutrix first made complaint of the assault, and the reason she did not make it earlier; and in the case of *State* v. *Peres,* 27 Mont. 358, 71 Pac. 162, the court held that the rule which required a prosecutrix to make immediate outcry or stand discredited on trial, does not apply where the female raped was under the age of consent.

On the point raised as to the quashing of the indictment or abating it, section 1427 of the Code of 1906, prescribes

the manner in which this objection shall be made. I submit that under that section the objection came too late. The defendant should have moved to abate within the time allowed by statute. In any event, the point is not well taken.

It is also contended that the court erred in giving instructions to the state, and instruction number two is especially singled out as being objectionable. That instruction appears on page thirteen of the record and is in the following language:

"The court further instructs the jury that the crime of rape may be proven by circumstances, and it is not necessary to have an eyewitness to the deed if the circumstances in evidence are sufficient to create in the minds of the jury a belief that the accused party is guilty beyond a reasonable doubt."

The court should read this instruction in connection with instruction number nine given for the defendant, which explains any omission that may have been in the state's instruction, and when read as an instruction altogether on one proposition of law, it correctly presents the law of the subject, and the court has so repeatedly held this to be the rule, that it is unnecesary to cite authorities that all instructions in the case must be considered together.

I desire to make a remark, however, about the instruction in this case given by the state, that the court merely charged in this instruction that the crime of rape may be proven by circumstances. It is not necessary to have eyewitnesses to the deed if the circumstances in evidence are sufficient to create in the minds of the jury a belief that the accused is guilty beyond a reasonable doubt. If the circumstances are sufficient, the jury may certainly convict him, if they are of sufficient probity and force to convince the minds beyond a reasonable doubt of the guilt of the accused. If, at the conclusion of number two for the state the court will read instruction number nine, for

the appellant, as a continuation of that instruction, beginning with the words "that if there are two reasonable theories," and continuing to the close of number nine, for the appellant, it makes one harmonious and complete instruction on this subject. It seems to me that independent of instruction number nine, that instruction number two would not be insufficient, and would be no error at all. The jury, of course, are to judge of the sufficiency of the instructions as applied to the evidence in the case, and there can be no room for prejudice on this instruction. If it is conceivable that under certain states of fact the jury would need more instructions, a complete answer to it is that the facts do not exist in this record.

In the record the evidence for the state shows that the appellant and his daughter, came up from the field together, and that immediately after their arrival a doctor was sent for, and when he arrived, he made an examination, and found that this girl had been horribly lacerated and torn in her privates, and to such depth, and to such extent, that nothing short of some powerful force could have caused the injury, and in all probability it was caused by sexual intercourse. The explanation that the appellant undertakes to make of this, and the explanation that he did undertake to make of it himself at the time was that she had been cut by a barbed wire. Evidence on his part shows that the barbed wire did not exceed one-eighth or to be more liberal, one-fourth of an inch, and any person can see from the testimony, as to this girl's condition as disclosed by the details, that such an injury could not possibly have been done her on a barbed wire fence. The fact that the appellant requested his son, and neighbor not to mention it, shows that he did not want the matter inquired into, and it is not consistent with a state of innocence on his part. The sons, while they testified for him, are shown not to have been present, and could not have seen in the nature of things, what transpired down in the field where this happened.

It is the law that a girl under twelve years of age is incapable of consenting to sexual intercourse, and any intercourse with such a child under any condition, would amount to rape. The testimony of physicians certainly established the *corpus delicti* or body of the crime; and it is shown absolutely by all the proof that no other person has access to the child at the time, and there can be no question but that the appellant was the agent that perpetrated the injury. It is not a case where possible theories can arise from a want of evidence, or from imperfect evidence, because it is confined wholly to a question of whether or not the appellant himself raped this child. The fact that she did not disclose this to the doctor until Thursday is also explainable because she was there in the house under appellant's watchful supervision, and he was interested up to the time he was arrested and carried away, in seeing that she did not disclose it to the physicians. Under the circumstances in this record, it would be irrational to expect that she would disclose it and detail things of this kind. It would have been an entirely different matter had she been at some other place.

Argued orally by *J. M. Alford* and *R. W. Cutrer*, for appellant and *J. B. Holden* and *Geo. H. Ethridge*, assistant attorney-general, for the state.

COOK, J., delivered the opinion of the court.

Appellant was indicted by the grand jury of Pike county, charging him with the rape of his daughter, less than twelve years of age. Upon a change of venue to Lincoln county, he was convicted by a jury and sentenced to a life term in the penitentiary.

The horrible and almost unthinkable crime imputed to appellant, together with the verdict of the jury, naturally predisposes the court to affirm the judgment of the trial court. But an effort to write an opinion in affirmance

serves only to demonstrate that to ignore the manifest
errors apparent upon the face of the record would be to
override all precedent and result in a refusal to the de-
fendant of a fair and impartial trial.  Stated in short,
the circumstances and facts in evidence, viewed from one
angle, authorizes a belief of the defendant's guilt; viewed
from another angle, the jury would be justified in finding
the defendant not guilty.

The alleged victim did not testify before the jury, but
the theory of the defense was that the girl was not rav-
ished by defendant, or any one else, but the injury found
by physicians was caused by the girl falling across a
barbed wire fence.  This theory was proven by two al-
leged eyewitnesses—the sons of appellant and the broth-
ers of the alleged victim.  The state contradicted this
evidence by the testimony of two physicians who exam-
ined the girl; they testifying that the wounds and lacera-
tions of the child's genital organs could not have been
made in the manner described by defendant and his wit-
nesses.  By witnesses, the testimony of defendant's wit-
nesses was discredited, and, if believed, the evidence for
defendant was thus completely destroyed.

Various other damaging and inculpatory circum-
stances were proven by the state.  With the record in this
state, the court permitted the physicians to testify that
the child, five and seven days after the date of the alleged
outrage, told them she had been raped.  This was
hearsay evidence of the purest type.  Under no phase of
the case could it be claimed to be a part of the res gestae;
nor was it admissible to corroborate or support the evi-
dence of the victim, for the reason that she did not testify
at all.  The rule does not permit the introduction, under
the guise of res gestae, of a narrative of past events,
made after the events are closed, by the party injured.
Wharton's Criminal Evidence, vol. 1, sections 254-270;
Wigmore on Evidence, section 1135 *et seq.*

Unless the complaint made by the prosecutrix consti-
tutes part of the *res gestae,* evidence of it can be given

only in corroboration of the testimony of the prosecutrix, and is inadmissible in case she does not testify. Ency. of Evidence, vol. 10, p. 589, and notes; Roscoe's Criminal Evidence, p. 26. This seems to be the universal rule. The outcry or complaint of the woman, if offered, in evidence as a part of the *res gestae,* must have formed a part of the transaction, or it must have been immediate. In such cases it is not necessary to examine as witnesses the persons, who, as participants in the transaction, thus instinctively spoke or acted. What they said or did is *res gestae;* it is part of the transaction itself.

As a species of hearsay, the victim of a rape may testify that she made immediate complaint, or other witnesses may so testify in corroboration of her testimony; but this exception to the rule against hearsay testimony does not go so far as to permit a third party to testify what the injured party said about the past tranaction, nor would it corroborate any witness who had testified.

In addition to the admission of the hearsay evidence, the first three instructions given for the state are obviously erroneous, and are not cured by the instructions for defendant.

We think there was no error in permitting the physicians to testify as to the penetration, or as to their opinion upon the possibility of the injury being caused by a barbed wire. The physician may describe the physical condition of the girl, and may testify how sexual intercourse would affect the organs of a child; but he may not testify as to whether or not, in his opinion, the injury was caused by sexual intercourse.

We find no other error than the ones mentioned.

*Reversed and remanded.*