THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK SCHULTZ, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. CRIMINAL LAW—*when age of one accused of rape is a matter of defense.* If one count of the indictment charges rape with force and all the evidence shows that if the accused is guilty he is guilty of a forcible rape, the age of the accused, if he is under the age of sixteen years, must be proved by him as a matter of defense, notwithstanding the indictment alleges him to be older. (*People* v. *Sutton,* 145 Ill. 279, followed; *Wistrand* v. *People,* 213 id. 72, and *Schramm* v. *People,* 220 id. 16, distinguished.)

2. SAME—*proof of penetration is essential to establish crime of rape.* Proof of penetration is essential to establish the crime of rape, but slight penetration is sufficient, and the same may be proved by circumstantial evidence.

3. SAME—*physician should not be allowed to give an opinion that a rape was committed.* A physician who examined the person of the prosecuting witness shortly after the alleged rape upon her may state the conditions found with reference to inflammation, laceration and the like, but he should not be allowed to usurp the province of the jury by giving an opinion that such conditions were produced by a rape.

4. SAME—*what evidence should be excluded as tending to prove other offenses.* It is proper, in a criminal case, to inquire into the occupation of the accused and other matters tending to enable the jury to determine what weight shall be given to his testimony, but evidence merely showing that he had a police record and "had had his picture taken twice" should be excluded on motion.

5. SAME—*jury should be left free to pass upon credibility of witnesses.* The jury should be left free to pass upon the credibility of witnesses and determine for themselves the weight to be given their testimony, and while it may be proper for an instruction in a rape case to enumerate things which the jury may consider in weighing the testimony of the prosecuting witness, the instruction should not state that such things "should" be considered by them.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN J. SONSTEBY, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and ARTHUR R. ROY, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county for the crime of rape. He was found guilty and the punishment fixed at thirty years in the penitentiary. Motion for new trial was overruled and he was sentenced accordingly. This writ of error was then sued out.

The prosecuting witness was a young girl who at the time of the alleged assault was eleven years of age. She then resided with her step-father and her mother on West Ohio street, in Chicago. She testified that on the evening of February 11, 1911, she left her home about six o'clock and purchased a newspaper at a near-by news stand, and when returning along Osborne street she was caught by the plaintiff in error and dragged by him through a passageway to a small house standing upon the rear of a lot and up some steps to a room, in which there was a bed; that despite her screams and struggling he threw her on the bed, put his hand over her mouth, and then took a big knife from a table and told her if she did not keep still he would kill her; that he then committed an act of assault; that when he let her go he told her he would kill her if she told anyone; that she then went home and told her mother. Her step-father was working a short distance away as a night watchman. The testimony shows that the mother called a young man who worked at the same factory with the step-father, who went with the little girl to get him; that the step-father started with her on the street car for the police station, but seeing a policeman they got off the car and told him, and the three went together to the house where plaintiff in error lived and found him there. Plaintiff in error's brother was also at the house at that time. The little girl pointed out the plaintiff in error as the man who had assaulted her. He was then arrested by the police-

man and taken to the station. At the time of his arrest, shortly after seven o'clock, the policeman asked him where he was at six o'clock, and he first, according to the officer's testimony, said he was home about that time, but afterward changed this and said he was not there at the time.

The property where plaintiff in error was stopping belonged to his father. Plaintiff in error and his brother were rooming in a little cottage on the rear of the lot, which had a high basement, in which was stored junk of some sort. On the front of the lot was another cottage, in which a Mrs. Anderson was living at the time. Plaintiff in error testified that on the evening of the supposed attack he got home about 7:35; that he heard some noise in the yard and went to see what it was, and he heard the girl's father say, "Is that the man?" and the girl answered "Yes," whereupon someone struck him; that that was the first time he had ever seen the girl; that earlier he had taken some zinc to a junk dealer on the north side and was not at home at the time the alleged assault took place. Plaintiff in error's father testified he saw his son at the corner of Michigan and Wells streets, about two and a half miles from Osborne street, about a quarter past six or a quarter to seven on the evening in question. Mrs. Anderson testified that plaintiff in error was there during the day, carrying snow from the lot, and that about a quarter to five she went down to get some coal and wood and saw him going away; that she spoke to him and that she did not see him come back.

Dr. L. F. Sutton, ambulance physician for the city, examined the prosecuting witness at the police station shortly after plaintiff in error was arrested and found no blood or stains on her clothing or tearing of her private parts. He testified that she had never had a hymen; that there was a slight redness or irritation around her private organs; that this redness was probably due to some external manipulation but was not severe enough to cause a hemorrhage or bleeding; that he at that time found no swollen parts;

that the redness around the private organs could have been caused by coming in. contact with the penis of a man. Dr. Earnest A. Loewinger testified that he examined the complaining witness three days after the alleged assault and found her genital organs inflamed and a discharge; that her hymen was ruptured or absent and all of the genital organs tender.

This is substantially all the proper material evidence in the case. There was some other evidence improperly admitted, which we shall refer to later. The evidence as to the guilt of plaintiff in error was sharply conflicting on the vital points of the case. It was therefore important that the rulings of the court as to the law should be correct.

The indictment originally consisted of five counts. The second, fourth and fifth counts were dismissed. The first count charged rape, with force, by the plaintiff in error, of the age of seventeen years and upwards, upon the complaining witness, under the age of sixteen years. The third count charged that he was a male person of the age of sixteen years and upwards, and that he made an unlawful assault upon the prosecuting witness against her will, but without alleging her age. Counsel for plaintiff in error contends that the age of the male in a charge of this kind is necessary to be proved under the statute, and that there was no proof in the record as to the age of plaintiff in error. Counsel for the State argue that on this record, under this indictment, the age of the defendant was a matter of defense.

Paragraph 237, division 1, of the Criminal Code reads: "Rape is the carnal knowledge of a female, forcibly and against her will. Every male person of the age of seventeen years and upwards, who shall have carnal knowledge of any female person under the age of sixteen years and not his wife, either with or without her consent shall be adjudged to be guilty of the crime of rape; provided, that in case the said parties shall be legally married to each

other before conviction, any legal proceedings shall abate, and provided, that every male person of the age of sixteen years and upwards who shall have carnal knowledge of a female forcibly and against her will shall be guilty of the crime of rape," etc.

All the evidence for the prosecution shows that if plaintiff in error was guilty of the alleged assault he committed the crime with force, and therefore could properly be convicted under the third count. The question here raised was first considered by this court in *Sutton* v. *People,* 145 Ill. 279. At that time the paragraph of the statute read substantially as it does now, except that "seventeen years" then read "sixteen years," and "sixteen years" in the present statute then read in each instance "fourteen years," and there are changes concerning marriage which have no application here. In that case it was held that on an indictment of one for the crime of rape with force, if he was under fourteen years of age and wished to avail himself of that defense, he was required to prove it. In *Wistrand* v. *People,* 213 Ill. 72, the court held that to prove rape without force it must be alleged and proved by the State that the female was under the age of fourteen years and the male over sixteen years of age. To the same effect was the holding of this court in *Schramm* v. *People,* 220 Ill. 16. It is now contended that these two later decisions overrule, in effect, *Sutton* v. *People, supra.* We cannot so hold. In *People* v. *Stowers,* 254 Ill. 588, the court had occasion to construe this paragraph of the Criminal Code as it now reads, and it was there held that under the proviso it was clear that the age limit fixed in the second clause of the statute was not intended to apply in a case where the act was committed forcibly and against the will of the female, quoting the case of *Sutton* v. *People, supra,* in support of that construction. It was held in the *Stowers case* that the rule laid down in *Sutton* v. *People, supra,* was still in force. Here, the assault having been committed, if at

all, with force and without the consent of the prosecuting witness, the burden of proof as to the age of the defendant, if he was under sixteen years of age, rested upon him.

It is further contended by counsel that there was no proof of penetration. While "there must be *penetratio* or *res in re* in order to constitute carnal knowledge, * * * a very slight penetration is sufficient." (See 3 Russell on Crimes,—6th ed.—229; 23 Am. & Eng. Ency. of Law,—2d ed.—851; 33 Cyc. 1422.) Penetration may be shown by circumstantial evidence. (1 Wharton on Crim. Law,—10th ed.—sec. 555.) The evidence on this question justified the submission of the case to the jury.

Dr. Loewinger was permitted to testify, over the objection of plaintiff in error, based largely on his examination of the genital organs of the complaining witness, that "according to the history of the case and according to my findings I think it was a case of rape." Motion was made to strike this out, and denied on the ground that there was no objection made before the answer was given. On cross-examination he stated that from his examination of her genital organs he thought the inflammation found was due to external violence; that if he had not been told that she had been raped he could not have told what the external violence was. The general rule is that witnesses should testify to facts and not to opinions. To this rule, however, there are exceptions. Opinion evidence is usually held admissible upon subjects that are not within the knowledge of all men of common education and experience, as the best evidence from the necessity of the case. (1 Elliott on Evidence, sec. 675; *Lyons* v. *Chicago City Railway Co.* 258 Ill. 75.) But it is not the province of the expert to act as judge or jury. He must not usurp the province of the court or jury by drawing those conclusions of law or fact upon which the decision of the case depends. (Jones on Evidence,—2d ed.—sec. 372; 5 Ency. of Evidence, 526; *Hoener* v. *Koch*, 84 Ill. 408; *Keefe* v. *Armour & Co.* 258

id. 28, and cases cited.) The precise question here raised
was decided in *Noonan* v. *State,* 55 Wis. 258. It was there
held reversible error to permit a medical witness for the
prosecution to testify, from an examination of the prose-
cuting witness several days after the alleged occurrence, in
which he found her sexual organs inflamed, that in his opin-
ion such inflammation was the result of a rape. The opin-
ion stated (p. 261) : "The witness was competent to state
what effects might result from a rape, but it was going far
beyond the range of authorized expert testimony to allow
him to give an opinion that the condition he discovered was
produced by rape. * * * The testimony admitted was
a usurpation of the province of the jury, and beyond all
question its admission was error." There, as here, the ex-
pert admitted that other causes might have produced such
inflammation. The doctrine of that case has been referred
to with approval in *Green* v. *Ashland Water Co.* 101 Wis.
258, and in an exhaustive note on opinion evidence in *Ham-
mond* v. *Woodman,* 66 Am. Dec. 219. The ruling of the
court in that case is sustained by the undoubted weight of
authority in this and other jurisdictions. The testimony of
Dr. Loewinger in this case trenched upon the jury's province
and he gave an opinion on matters which they were compe-
tent, and which it was their duty, to decide. The evidence
was improper and the motion to strike should have been
allowed. In view of the state of this record the effect of
this evidence with the jury cannot well be estimated. Its
injurious effect was accentuated by the fact that the court,
on objection of counsel for the State, refused to permit
Dr. Sutton, who had examined the prosecuting witness the
same day and a very short time after the alleged occur-
rence, to answer whether in his opinion "any rape" had
been "committed on the girl." The jury might well have
concluded that the trial judge was of the opinion that Dr.
Loewinger's testimony was more reliable than Dr. Sutton's.
This evidence was rendered still more objectionable because

the prosecuting attorney, in his closing speech, was permitted to quote with approval, as a fact proven in the case, the opinion of this witness that the inflamed condition of the private parts of the complaining witness was caused by rape.

The further contention is made that the court committed error in permitting plaintiff in error to be examined by counsel as to what work he had been engaged in during the last two years, and in refusing to strike from the record the testimony of the step-father to the effect that when the police were examining plaintiff in error "they asked every question at the police station and then they asked Schultz about his record, and then they would bring up, of course, that he had had his picture taken twice; that is the law, you know." It is proper to examine a witness as to his occupation, and other matters which will enable the jury to determine what weight ought to be given to his testimony, (*People* v. *White,* 251 Ill. 67,) but as a usual rule it is not proper to bring out in evidence the commission of other offenses by the accused. (*People* v. *Jennings,* 252 Ill. 534; *People* v. *Gibson,* 255 id. 302.) This evidence of the step-father should have been stricken.

It is further insisted that the court erred in the giving and refusing of instructions. The objection most strongly urged is to the refusal of instruction No. 1 offered by the plaintiff in error. It called the jury's attention to the testimony of the prosecutrix, enumerating the various things that "should" be taken into consideration in weighing her testimony. While it may be proper to enumerate such elements, an instruction should not tell the jury, as did this one, they "should" consider certain things. The jury must be left free to pass upon the credibility of witnesses and determine for themselves the weight to be given to the testimony. (*Lyons* v. *Chicago-City Railway Co. supra.*) This instruction was rightly refused. The objections raised to other instructions we do not deem it necessary to pass upon

in detail. It is sufficient to say that the objections as to some of those given for the State are fully answered by the decisions of this court cited in the brief for the State, and certain refused instructions of plaintiff in error were fully covered by other instructions given. Taking the instructions as a series, we think they fairly covered the law as applied to the facts in the case.

Other questions have been argued in the briefs, (including the very serious one that the names of some of the jurors signing the verdict were not the same as those who were empaneled and sworn to try the case,) but as they are not likely to be raised again on the next trial we shall not extend this opinion by discussing them.

For the errors indicated, the judgment of the criminal court of Cook county will be reversed and the cause remanded to that court.

*Reversed and remanded.*