[Crim. No. 1311.   First Appellate District, Division One.—August 25, 1927.]

THE PEOPLE, Respondent, v. P. CASTRO, Appellant.

J. A. Bardin and J. T. Harrington for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

CASHIN, J.—Defendant was convicted of the crime of rape, alleged to have been committed on one Carmen Mancha, a female aged about fifteen years. The appeal is from the judgment and from an order denying a motion for a new trial. It is contended that the evidence was insufficient to support the verdict and that the admission of certain testimony over objection and the giving of an instruction to the jury were prejudicially erroneous.

The crime was alleged to have been committed in the city of Monterey on or about October 5, 1925, and it was shown that the defendant had been acquainted with the child and her parents for some time previous to that date. It was testified that the defendant had invited the child to visit the place where he resided, that visits were made, and that on the occasion in question she was accompanied by other girls about her age. These were called as witnesses for the prosecution, and according to their testimony, the girl Carmen on this occasion—the date of which they fixed as October 5, 1925—went into a bedroom with the defendant, where she remained for several minutes. The testimony of Carmen Mancha as to the fact charged and the place of its commission was contradictory. At the trial, after testifying that the act was committed by the defendant and relating in detail the circumstances, she retracted the statement, but subsequently on her redirect examination repeated

the charge. It further appears that before the trial the witness had also retracted the charge which she originally made. Her testimony, however, tended to show that she feared that if the charge was made it would lead to her being committed to the reform school; and it is evident that the jury believed that her testimony was influenced in a considerable degree by her fears in this respect. According to her testimony, she made no resistance or outcry and no complaint subsequently, and it is apparent from the evidence that she willingly submitted to the defendant.

■ In view of all the circumstances shown her testimony was not inherently improbable; and the question of her credibility was for the jury (Code Civ. Proc., sec. 1847), who not only had the right but the duty to determine to what extent her testimony should be believed (*Estate of Gird,* 157 Cal. 534 [137 Am. St. Rep. 131, 108 Pac. 499]; *Withers* v. *Massengill,* 148 Cal. 769 [84 Pac. 769]; *People* v. *Kelly,* 146 Cal. 119 [79 Pac. 846]; *People* v. *Chesney,* 72 Cal. App. 570 [237 Pac. 793]; *People* v. *Raich,* 26 Cal. App. 286 [146 Pac. 907]).

■ According to the testimony of a physician, a physical examination of the child was made by him on October 12, 1925, when it was found that the hymen was almost obliterated and that the external opening into the vagina was considerably enlarged, much more so than would be due to an injury. He further testified over objection that as the result of his examination he was of the opinion that the child had indulged in sexual intercourse, and the admission of this testimony is assigned as error.

It was held in the following cases that the opinion of a physician, based upon an examination of the sexual organs of the prosecutrix, that the condition found was caused by a rape was incompetent: *State* v. *Noonan,* 55 Wis. 258 [12 N. W. 379]; *State* v. *Bull,* 45 W. Va. 767 [32 S. E. 240]; *People* v. *Schultz,* 260 Ill. 35 [102 N. E. 1045]; *Simmons* v. *State,* 105 Miss. 48 [61 South. 826]. In other jurisdictions, however, it is the rule that in prosecutions for statutory rape the testimony of medical experts following a physical examination that in their opinion the prosecutrix had indulged in sexual intercourse is admissible in corroboration of her testimony that intercourse was had with the defendant (*State* v. *Rash,* 27 S. D. 185 [130 N. W. 91];

*Messel* v. *State,* 176 Ind. 214 [95 N. E. 565]) ; and in *People* v. *Liggett,* 18 Cal. App. 367 [123 Pac. 225], the testimony of a physician, by whom an examination was made, that in his opinion intercourse had been effected was held to be competent. Whether the child had indulged in sexual intercourse involved the determination of a probative and not an ultimate fact; and the question whether the condition disclosed by the physician's examination was so caused reasonably called for expert medical opinion, without which persons of ordinary experience would be unlikely to prove capable of forming a correct judgment. The witness expressed no opinion on the ultimate facts in issue, nor did his testimony have the effect of usurping the function of the jury, and its admission was not erroneous.

The defendant, who spoke English imperfectly, was interviewed by a police officer shortly after the arrest. On this occasion he made no reply to a question as to his guilt, but subsequently, according to the testimony of the officer, he expressed a willingness to talk about the case, and stated in substance that he had had sexual intercourse with the child. Later the statement was repeated through an interpreter in the presence of the deputy district attorney and other officers. It does not appear that previous to his statement to the police officer the defendant was advised that he need make no statement, or that his statements would be used against him, or that he was entitled to the advice of counsel. On the last occasion, however, according to the testimony of the deputy district attorney, he was advised that it was his right to refuse to make a statement and that any statement which he might make could be used against him. The defendant denied that he was advised as to his rights before making either of the statements, but sufficient was shown to justify the conclusion of the trial court that they were freely and voluntarily made, and their admission in evidence was proper.

Though it is essential that the preliminary proof show that the confession was voluntarily made without previous inducement or intimidation, yet the question whether the preliminary proof is sufficient is one of fact addressed to, and must be determined by, the trial court (*People* v. *Siemsen,* 153 Cal. 387 [95 Pac. 863]).

The jury was instructed that it was for them to determine whether the statements were procured by threats or promises or induced by hope or fear; and that if they found that they were not made freely and voluntarily to reject them. Aside from the fact that the defendant was in custody and that he was without the advice of counsel, nothing appears from the record which supports the contention that the statements were not free and voluntary, and we are satisfied that the implied finding of the jury was fully sustained by the evidence.

■ The court, at the request of the prosecution, instructed the jury as follows: "The court instructs you that the fact, should you so find, that the female made no outcry, complaint or resistance in any form is immaterial where she was under the age of consent at the time the offense was committed, for under such circumstances the law resists for her."

Defendant concedes that as respects consent the fact that the child made no outcry, complaint, or resistance is immaterial, but contends that on the question of her credibility a failure to complain was relevant; that the instruction was not confined to the element of consent, and was therefore erroneous.

It is evident, however, from a reading of the whole instruction that the court was referring to the conduct of the prosecutrix at the time of the alleged commission of the act and not to a subsequent failure to complain. Such we think was its plain meaning, and, so construed, it was not erroneous or misleading.

We cannot say that the jury was influenced by prejudice or passion in arriving at its verdict, which was supported by the evidence; or that the result was a miscarriage of justice.

The judgment and order are affirmed.

Tyler, P. J., and Knight, J., concurred.