(No. 24496.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER KWILOSZ, Plaintiff in Error.

*Opinion filed April 15, 1938.*

WILSON, J., dissenting.

HAROLD LEVY, (WM. SCOTT STEWART, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. Justice Shaw delivered the opinion of the court:

The plaintiff in error, Walter Kwilosz, was found guilty by a jury in the criminal court of Cook county and sentenced to the penitentiary for taking indecent liberties with a child. He sues out this writ of error to review the judgment. The details of the evidence are not essential to this opinion and we do not find it necessary to comment on them.

Dr. Virginia M. Benson, who was a witness for the People, was permitted to testify, over objection, that an examination of the prosecuting witness indicated to her that there had been a rape. This was error. We said in *People* v. *Schultz,* 260 Ill. 34, quoting from *Noonan* v. *State,* 55 Wis. 258: "The witness was competent to state what effects might result from a rape, but it was going too far beyond the range of authorized expert testimony to allow him to give an opinion that the condition he discovered was produced by rape. * * * The testimony admitted was a usurpation of the province of the jury and beyond all question its admission was error."

In view of the fact that this case may be tried again, it is necessary to call attention to another prejudicial error. The People, upon cross-examination of the father of the plaintiff in error, inquired of him as to a conversation with the father of the prosecuting witness relative to punishing his son, which conversation was denied. On rebuttal, the details of this conversation, which took place out of the presence of the plaintiff in error, were proved by five witnesses for the People. Plaintiff in error could not be bound by conversations and admissions of others not in his presence, and the evidence was highly prejudicial.

The judgment of the criminal court of Cook county will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. Justice Wilson, dissenting.