[Crim. No. 6347.   In Bank.   Feb. 17, 1959.]

## THE PEOPLE, Respondent, v. FRANK CARSWELL, Appellant.

James M. Dennis, under appointment by the Supreme Court, O. A. Goth and Goth & Dennis for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

SPENCE, J.—Defendant appeals from a judgment of conviction of second degree burglary and from an order denying his motion for a new trial. He challenges the admission of certain evidence, the instructions to the jury, and the sufficiency of the evidence to support the verdict.

The judgment appealed from was entered on defendant's second trial. The facts concerning the commission of the offense are fully set forth in the opinion on the first appeal. (149 Cal.App.2d 395 [308 P.2d 852].) The evidence introduced on both trials showed that a number of rifles and shotguns had been stolen from an Oakland hardware store. Over defendant's objection on the second trial, the court permitted the prosecution to read into evidence the testimony given on

the first trial by one Holmes to the effect that the defendant, together with Holmes and two other men, had planned and perpetrated the burglary. Defendant first contends that the admission of Holmes' prior testimony constituted error.

Penal Code, section 686, subdivision 3, provides that a defendant is entitled "to produce witnesses on his behalf and to be confronted with the witnesses against him, in the presence of the court, except that . . . the testimony on behalf of the people or the defendant of a witness deceased, insane, *out of jurisdiction*, or who cannot with due diligence be found within the state, given on a former trial of the action in the presence of the defendant who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, may be admitted." (Emphasis added.)

Before the first trial Holmes had pleaded guilty to the burglary. A deputy probation officer testified that Holmes had been assigned to him for supervision and that his probation had been revoked. In order to facilitate his rehabilitation, the officer had on July 11 obtained a court order restoring Holmes to probation on condition that he return to his home in Philadelphia. He testified that he had asked Holmes to write him upon his arrival there, and that he had received a letter postmarked July 22. Since the trial began on July 24, it may reasonably be inferred from this evidence that Holmes was out of the state at the time of the trial.

Defendant argues that the mere showing of Holmes' absence from the state did not constitute a sufficient foundation for the introduction of his prior testimony, as the prosecution did not show that it had exercised due diligence to insure his presence at the second trial. The statute (Pen. Code, § 686, subd. 3) permits the introduction of such testimony where it is shown either that the witness is "out of jurisdiction" or that he cannot, "with due diligence, be found within the state." (See *People* v. *Noone,* 132 Cal.App. 89, 94-95 [22 P.2d 284].) In the latter situation, due diligence to find the witness is required; the cases on which defendant relies hold nothing more. (*People* v. *Kuranoff,* 100 Cal.App.2d 673, 677 [224 P.2d 402] ; *People* v. *McDonald,* 66 Cal.App.2d 504, 509 [152 P.2d 448].) Where the evidence is sufficient to show that the witness is absent from the state, the due diligence requirement is inapplicable. (See *People* v. *Barker,* 144 Cal. 705, 706-707 [78 P. 266] ; *People* v. *Martin,* 127 Cal.App.2d 777, 784 [274 P.2d 509].) To hold, as defendant argues, that there must also be a showing

of due diligence to keep the witness within the state, would be contrary to the plain terms of section 686 and would work an unreasonable hardship on the party seeking to introduce such testimony.

Defendant also argues that Holmes' testimony at the first trial should have been excluded because there was no evidence of the authenticity of the transcript. But at the trial he made only a general objection to this testimony, and his argument was there directed solely to the foundational requirement of section 686. The present objection therefore comes too late. (See *People* v. *Fowzer*, 127 Cal.App.2d 742, 746-747 [274 P.2d 471] ; *People* v. *Renek*, 105 Cal.App.2d 277, 283 [233 P.2d 43] ; *People* v. *Tolmachoff*, 58 Cal.App.2d 815, 826 [138 P.2d 61].)

Defendant next challenges the giving of the following instruction concerning the corroboration of an accomplice's testimony: ''In determining whether or not the testimony of an accomplice has been corroborated as required by law, you must, for the purpose only of your consideration of that question, assume to be removed from the case *such testimony, if any, of the accomplice which tends to connect the defendant with the commission of the offense charged and shown by the evidence to have been committed by someone*; and you then must examine all the other evidence with the view of determining if there be any evidence tending to connect the defendant with the commission of the offense. If such other evidence does do that, then the testimony of the accomplice is corroborated; if it does not, then there is no corroboration, although the accomplice may be corroborated in regard to any number of facts sworn to by him.'' (Emphasis added.)

While a similar instruction was criticized on defendant's previous appeal the court found it unnecessary to determine whether there was prejudicial error. (*People* v. *Carswell*, *supra*, 149 Cal.App.2d 395, 403-404.) In view of the abundant evidence other than the testimony of the accomplice connecting defendant with the commission of the offense, we are convinced that no prejudicial error was committed.

Defendant contends that the trial court should have excluded the testimony relating to the seizure of nine of the stolen guns found in his room. At both trials it appeared that police officers, acting without a search warrant, entered defendant's room after the burglary and saw the guns. On the basis of their observations, they obtained a search warrant

pursuant to which the guns were later seized. Because the warrant was obtained as a direct result of the officers' previous observations in defendant's room, it was valid only if their first entry was lawful. ■ The burden of establishing its legality was on the prosecution. (*People* v. *Roberts*, 47 Cal.2d 374, 377 [303 P.2d 721]; see *People* v. *Carswell*, *supra*, 149 Cal.App.2d 395, 397.) We are satisfied that this burden was amply sustained.

Police officers testified that they went to the hardware store after the burglary, and that they talked to a Mrs. Ornduff, a resident of a hotel next door. Mrs. Ornduff, a reliable informant, told the officers that she had seen defendant and two other men carrying long packages wrapped in sheets out of the hotel on Sunday evening. Defendant's home address was ascertained, and on Monday evening five officers went to his home to arrest him. They were admitted by a painter, who showed them to defendant's room. They knocked and announced that they were police officers but received no reply. On request, the painter then produced a key and admitted them. Defendant was absent. On the bed lay a gun, the serial number of which corresponded with that of one reported missing from the hardware store. Eight more guns were seen in the closet when the officers looked for defendant there.

■ It is clear that grounds existed for defendant's arrest. A felony had in fact been committed, and Mrs. Ornduff's information gave reasonable cause to believe that defendant had committed it. (Pen. Code, § 836, subd. 3.) ■ The entry was justified by section 844 of the Penal Code, which provides that to make an arrest a peace officer, after demanding admittance and explaining the purpose for which admittance is desired, may break open the door of a house in which he has reasonable grounds to believe the person to be arrested to be. The officers testified that they called at defendant's home about 6 o'clock in the evening, when they thought he was likely to be home from work. That evidence is sufficient to support a finding that they had reasonable grounds to believe him to be present. Its weight is not diminished because the officers received no response to their knocking. They testified that persons seeking to avoid arrest commonly fail to reply.

■ Since the first entry into defendant's room was lawful, there was no reason for excluding the incriminating evidence. The officers testified that they entered solely to arrest defendant and that they did not search for evidence. They were not required to blind themselves to what was in plain sight, and

their lawfully obtained knowledge could be used as the basis for procuring a search warrant. (*People* v. *Roberts, supra,* 47 Cal.2d 374; see *People* v. *Martin,* 45 Cal.2d 755, 761-763 [290 P.2d 855].)

■ Defendant contends, however, that the law of the case establishes the illegality of the seizure. While it was held on defendant's prior appeal that the prosecution had not justified the entry at the first trial (*People* v. *Carswell, supra,* 149 Cal.App.2d 395, 397-402), the doctrine of law of the case would apply only if the evidence introduced at the second trial had been substantially the same. (4 Cal.Jur.2d, Appeal and Error, § 703, p. 608; see *Erlin* v. *National Union Fire Ins. Co.,* 7 Cal.2d 547, 548-549 [61 P.2d 756]; *Weightman* v. *Hadley,* 138 Cal.App.2d 831, 835-836, 841 [292 P.2d 909]; *Rutledge* v. *Rutledge,* 134 Cal.App.2d 689, 694 [286 P.2d 429].) On the first trial, the prosecution attempted to justify the entry by showing that the painter voluntarily admitted the officers to defendant's room. On the second trial, the prosecution presented additional evidence directed toward showing the entry lawful for the purpose of making an arrest. (Pen. Code, § 844.) The law of the case therefore does not require us to hold that the seizure of the guns was unlawful. *Davis* v. *Edmonds,* 218 Cal. 355 [23 P.2d 289], cited by defendant, is inapplicable because the same evidence was there offered at both trials.

■ Defendant next complains that the jury was not instructed to view "the evidence of the oral admissions of [defendant] with caution." (Code Civ. Proc., § 2061, subd. 4.) The record does not show that defendant requested such an instruction, but the court nevertheless should have given it. (*People* v. *Deloney,* 41 Cal.2d 832, 840 [264 P.2d 532]; *People* v. *Bemis,* 33 Cal.2d 395, 398 [202 P.2d 82]; *People* v. *Cornett,* 33 Cal.2d 33, 39-40 [198 P.2d 877].) Instead the court instructed the jury to "view with caution the testimony of any witness which purports to relate an oral *statement* of the defendant." (Emphasis added.) Defendant has not cited nor has independent research disclosed any case holding it error to give such an instruction; however, the refusal to instruct in somewhat similar terms has been upheld. (*People* v. *Leddy,* 95 Cal.App. 659, 679 [273 P. 110].)

■ In this case, police officers testified to statements made by defendant to them after his arrest. Defendant testified to a different version of the conversation. He argues that the instruction here given required his own testimony to be

viewed with caution, as well as that of the prosecution witnesses. While the instruction is open to objection, a review of the record leads us to the conclusion that there is no reasonable probability that a result more favorable to defendant would have been reached if a properly limited instruction had been given in the place of the challenged instruction. The alleged error does not therefore warrant a reversal. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

In view of our conclusion that the testimony of Holmes was properly admitted, and that such testimony was amply corroborated, we find no merit in defendant's final contention that the evidence was insufficient to support the judgment of conviction.

The judgment and the order denying a new trial are affirmed.

Gibson, C. J., Shenk, J., Traynor, J., and McComb, J., concurred.

Appellant's petition for a rehearing was denied March 18, 1959.