[Crim. No. 3373.   Third Dist.   May 21, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER
NASH, Defendant and Appellant.

492

Walter Nash, in pro per., and Miles Snyder, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

PIERCE, P. J.—Defendant appeals from the judgment entered upon a jury verdict finding him guilty of rape and from the order denying his motion for new trial.

Upon defendant's request, counsel was appointed to represent him on this appeal. This attorney has advised the court that after reviewing the record, he is of the opinion there are no meritorious grounds of appeal. Subsequently, defendant filed a brief, raising numerous points, all of which he contends warrant a reversal of the judgment. After an independent review of the record and the points raised by defendant, we also reach the conclusion that there is no merit in the appeal.

██ The prosecutrix, C——— R———, an 18-year-old girl, testified that defendant, while driving her in his automobile, ostensibly to take her to her sister's home, stopped the car, asked her to engage in sexual intercourse, and when she refused, threatened to cut her with a razor. The girl still refused to submit and sought to escape. She was overtaken and returned to the car where she was overpowered and raped. Returning to her home, she immediately telephoned her mother in the presence of her grandmother, and informed her mother of the incident. Her testimony relating to the telephone call was corroborated by the mother and by the grandmother. The mother immediately called the police. When the police approached defendant later that night he denied that he even knew C——— R———. He stated he had not left his home since 5 p.m. that evening. The police, however, found fresh mud on the shoes in his room and found that the motor of defendant's authomobile was still warm. (It was a cold, wet night.)

At the trial defendant, testifying in his own behalf, changed his story, admitted he had had intercourse with the girl, but contended she had participated willingly.

Defendant urges that he was convicted on incredible testimony. But the girl's testimony was not inherently improbable. ██ The verdict of the jury finding that defendant accomplished rape upon the girl by means of physical force

or by threats of great bodily harm or both finds support in the evidence and is binding on the appellate court. *People* v. *Castro,* 85 Cal.App. 228 [259 P. 117]; *People* v. *Battilana,* 52 Cal.App.2d 685 [126 P.2d 923].)

Other contentions will be briefly answered:

■ The information, contrary to the defendant's contention, was not defective. It adequately apprises the defendant of the crime charged. (Pen. Code. § 952; *People* v. *Meichtry,* 37 Cal.2d 385 [231 P.2d 847].)

■ No error was committed, as contended, when the district attorney waived his right to make an opening statement. He is not required to. (*People* v. *Lopez,* 93 Cal.App.2d 664 [209 P.2d 439].)

■ Nor was it error to admit on cross-examination evidence of other felony convictions (sex offenses). This evidence was admitted for the limited purpose of impeaching the credibility of defendant as a witness and the jury was so instructed. (Code Civ. Proc., § 2051; *People* v. *De Georgio,* 185 Cal.App.2d 413 [8 Cal.Rptr. 295].)

■ Defendant contends he was compelled to be a witness against himself in that the court admitted his extrajudicial statements. These statements, he argues, contained only an accusation followed by a specific denial and were, therefore, inadmissible. But the denial here was coupled with equivocal behavior and additional demonstrably false statements. The evidence was admissible. (*People* v. *Romano,* 197 Cal.App. 2d 622, 635 [17 Cal.Rptr. 399].)

Defendant's other contentions so completely lack substance as to warrant no discussion.

The appeal from the order denying defendant's motion for a new trial is nonappealable and is dismissed. (Pen. Code, § 1237.) The judgment appealed from is affirmed.

Schottky, J., and Friedman, J., concurred.

A petition for a rehearing was denied June 14, 1963, and appellant's petition for a hearing by the Supreme Court was denied July 17, 1963.