[Crim. No. 14182.   Second Dist., Div. Four.   Oct. 4, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ALFRED ROBLES OLIVAS, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

JEFFERSON, J.—This appeal follows defendant's conviction by the court of possession of heroin. ▉ The judgment must be reversed ·because the officers who arrested defendant failed to comply with the demand and explanation requirements of section 844 of the Penal Code before they entered the apartment where the arrest was made and the narcotics were subsequently discovered.

One· of the arresting officers was Lynn Leeds of the Narcotics Division. The officer had received information that one Josephine Kanos was in violation of her parole. He learned that she was living with defendant and his sister in a house at 400 North Sereno. He checked the Records and Identification Division and found that both defendant and Kanos were wanted for violation of parole. He staked out in the vicinity of 400 North Sereno and saw defendant and Kanos enter that location.

· The day after the stake-out, Officer Leeds returned with two fellow officers. It was about 10 a.m. One of the officers with Leeds placed a telephone call to the phone registered at the Sereno address and asked if Josephine was home. A female voice replied ''Yes, just a minute.'' Leeds and a second officer then approached the house. Leeds observed that the wooden front door was open; that there was a screen door which was closed but not latched. The officer knocked three separate times on the wooden door frame, but received no response. He then said ''Police officers.'' There was still no response.

∴ At this point Leeds and his partner opened the screen door

and entered the living room of the house. Defendant's sister was lying on a couch in the living room. In the bedroom the officers found defendant and Kanos lying on a mattress. Both were arrested for violation of parole. From their condition Leeds formed the opinion that both were then under the influence of narcotics. The officer looked around the room. In a partially opened cupboard by the bed, he discovered a hypodermic kit and a condom. The latter contained a white powder which later tests showed to be heroin.

During the pendency of the appeal in this case, *People* v. *Rosales*, 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489], was decided. In *Rosales* the arresting officers went to a house where the defendant and another man were reported living to arrest them both for violation of parole. The wooden door was open. The screen door was closed but not locked. The officers could see both men inside. They met a girl at the doorway and informed her that they were police officers. Without more, they entered, made the arrests, searched the defendant and found the heroin which formed the basis for his conviction. In reversing that conviction, the court held that the officers' failure to explain their purpose and demand admittance, as required by section 844 of the Penale Code, vitiated the arrest. The court reasoned that these requirements serve ". . . to preclude violent resistance to unexplained entries and to protect the security of innocent persons who may also be present on premises where an arrest is made." (at p. 304.)

In the more recent decision in *People* v. *Marshall*, 69 Cal. 2d 51 [69 Cal.Rptr. 585, 442 P.2d 665], the court found that the facts of the case supported a finding of compliance with section 844 (yet reversed on other grounds). There the officers entered the defendant's apartment when they received no response after several minutes of knocking on the door, identifying themselves and *demanding admittance*. The court, citing *Rosales*, concluded (at pp. 55-56), that, "By persistently knocking, *demanding entry*, and identifying themselves for several minutes before picking the lock and entering, the officers substantially complied with the notice requirements of the statute." [Italics added.]

Here, however, the officers made no demand for admittance but merely knocked and identified themselves. Defendant and the other occupants of the apartment had no way of knowing the purpose for the officers' presence at the door. They were not forewarned that if they did not answer the door the officers intended to make an uninvited entry. For all they knew,

the officers were out selling tickets to the annual policeman's ball. This circumstance, we believe, clearly distinguishes *Marshall* from the instant case, and brings it within the ambit of *Rosales*.

As in *Rosales,* no showing was made of any facts which would excuse noncompliance with section 844.

The judgment is reversed.

Kingsley, J., concurred.

FILES, P. J., Dissenting. — I would affirm upon the ground that there was substantial compliance with section 844. The officers knocked "three separate times." When they received no answer they said "Police officers" through the screen door which separated the living room from the front porch. The wooden door was open. Still there was no answer. The officers knew people were inside, and it seemed òbvious they understood the purpose of the visit but had no intention of answering the door.

The Supreme Court has held that under such circumstances the police have substantially complied with section 844. (See *People* v. *Carswell* (1959) 51 Cal.2d 602, 607 [335 P.2d 99]; *People* v. *Cockrell* (1965) 63 Cal.2d 659, 663, 665 [47 Cal.Rptr. 788, 408 P.2d 116]; accord: *People* v. *Cox* (1968) 263 Cal.App.2d 176, 186 fn. 3 [69 Cal.Rptr. 410]; *People* v. *Nash* (1968) 261 Cal.App.2d 216, 225 [67 Cal. Rptr. 621]; but see *People* v. *Cain* (1968) 261 Cal.App.2d 383, 391 [67 Cal.Rptr. 922].)

The purpose of section 844 is to give the householder a chance to come to the door before his house is invaded forcibly. The officers' conduct in this case was sufficient for that purpose. It would do no one any good to require a more formal recitation on the doorstep under the circumstances shown here.

There is nothing in either *People* v. *Rosales* (1968) 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489] or *People* v. *Marshall* (1968) 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665] to indicate that the Supreme Court has overruled *Carswell* or *Cockrell.*

A petition for a rehearing was denied October 22, 1968. Files, P. J., was of the opinion that the petition should be granted. Respondent's petition for a hearing by the Supreme Court was denied November 27, 1968.