[Civ. No. 32999.  Second Dist., Div. Two.  July 3, 1969.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOHN ·EDWARD LUDEMAN et al., Real Parties in Interest.

Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Richard S. Buckley, Public Defender, Alan H. Simon and James L. McCormick, Deputy Public Defenders, and George H. Chula for Real Parties in Interest.

FLEMING, J.—Mandate. The People seek to annul a ruling of the superior court suppressing evidence seized during arrests which did not fully comply with the requirements of Penal Code section 844.

The prosecution arose from the sale of narcotics at a given premises to a police informer, a sale immediately followed by police entry into the premises, arrests, and a search which disclosed the narcotics later suppressed as evidence. Before entering the premises to make their arrests the police officers knocked, announced they were police officers, waited about a minute during which they could hear noises inside, and then broke in. They did not formally demand admittance nor explain the purpose for which they desired admittance, as required by Penal Code section 844. Defendants argue that lack of full compliance with the section stigmatized the evidence as evidence seized in the course of an illegal arrest. The People argue that the police substantially complied with the requirements of section 844 before breaking in to make their arrests.

■ The requirements of section 844 are three: (1) identification by the police; (2) explanation of their purpose; and (3) demand for entry. ■ Essentially, the theory of substantial compliance derives from general maxims of jurisprudence, that substance governs over form, that no one is required to perform an idle act. (Civ. Code, §§ 3528, 3532.) The application of the theory is seen in *People* v. *Cockrell,* 63 Cal.2d 659 [47 Cal.Rptr. 788, 408 P.2d 116], which held sufficient the police identification and request for entry in that case, and in *People* v. *Marshall,* 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665], which held that persistent knocking by the police, announcement of their identity, and demand for entry complied with the section. The limits of the theory of substantial compliance appear in *People* v. *Rosales,* 68 Cal.2d 299, 302 [66 Cal.Rptr. 1, 437 P.2d 489], which held that police identification without a demand for entry or explanation of purpose did not in that instance comply with the statute. In *Rosales* the court stated the rule of substantial compliance in the following terms: "We note at the outset that the officers' identification of themselves to the girl did not constitute substantial compliance with section 844. That section requires that an officer explain his purpose before demanding admittance, not merely that he identify himself as an officer. 'The burden of making an express announcement [of purpose] is certainly slight.' (*Miller* v. *United States,* 357 U.S. 301, 309 [2 L.Ed.2d 1332, 1338, 78 S.Ct. 1190].

"Such identification alone could constitute substantial compliance with section 844 only *if the surrounding circumstances made the officers' purpose clear to the occupants* or showed that a demand for admittance would be futile. There is nothing in the record to show that any of the occupants or even the girl knew that the officers' purpose was to arrest the defendant or understood that they were demanding admittance." (P. 302; italics added.)

In the present case the police identified themselves as police and consequently satisfied the initial requirement of the law. (Cf. *Greven* v. *Superior Court*, 71 Cal.2d 287 [78 Cal.Rptr. 504, 455 P.2d 432].) The trial court, however, concluded they had failed to explain their purpose and make a specific demand for entry. Thus, formally, they satisfied only one of the three conditions precedent to breaking open a door to make an arrest.

█ In this instance we think the requirement of explanation of purpose was excused. Since a sale of narcotics had just taken place it was highly improbable the persons inside did not understand the purpose for which the police sought to enter. █ Contemporaneous commission of a felony certainly qualifies as a surrounding circumstance which would make the officers' purpose clear to the occupants of the premises and excuse the police from the need to explain why they desired admittance. (*People* v. *Cockrell*, 63 Cal.2d 659 [47 Cal.Rptr. 788, 408 P.2d 116]; *People* v. *Marshall*, 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665]; *People* v. *Carswell*, 51 Cal.2d 602, 607 [335 P.2d 99].) In *Cockrell* the court said: "Since it appeared that a sale of marijuana had been made in the Cockrells' home only minutes before the officers requested admittance, 'the purpose for which admittance' was 'desired' was reasonably apparent." (P. 666.)

█ Insofar as the requirement that the police demand admittance is concerned we have concluded there was substantial compliance with that requirement before the police broke in. █ When the police are reasonably certain that persons are inside, loud and persistent knocking over a period of time by the police and identification of themselves as police may become the equivalent of a formal demand for entry and render superfluous the use of such traditional ritual as "Open in the name of the law." (*People* v. *Nash*, 261 Cal.App.2d 216, 225 [67 Cal.Rptr. 621].) Whether the conduct of the police in a given instance implicitly amounts to a demand for entry raises a question of fact. █ Here, the trial court specifi-

cally concluded that the police had not made a proper demand for admittance, a conclusion, however, which appears to have been arrived at as a matter of law, and not as a matter of credibility of witnesses.

Officer Cross, the man who actually made the announcements, testified: ''Q. When you went to the residence there, to the back door and knocked on the door, what did you state when you knocked on the door? A. I knocked on the door and said, 'Sheriff's office. *Open up.*' [Italics added.] I waited for approximately a minute. No one responded. I could hear noises inside so I directed Deputy Hall to go in, to open the door. Q. Did you state the purpose for your being there while you were there at the back door? A. No, sir. I received no response at all to state anything to.''

Inasmuch as the trial court expressly stated that it was ruling on ''legal grounds rather than credibility grounds,'' it cannot be said that the court disbelieved the officers testimony. The facts thus are practically identical with those in *People* v. *Carswell,* 51 Cal.2d 602, 607 [335 P.2d 99]. Accepting this testimony of the officer at face value we conclude this was substantial compliance with the demand requirement of section 844 and that the evidence should not have been suppressed.

Writ granted.

Roth, P. J., and Herndon, J., concurred.

The petitions of the real parties in interest for a hearing by the Supreme Court was denied August 27, 1969.